***********
Upon review of the pending motions and reconsideration of the issues addressed by the briefs and oral arguments of the parties, the Full Commission enters the following Amended Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and this claim. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the defendant-employer and deceased employee (hereafter decedent) at all relevant times herein.
3. The Goff Group was the workers' compensation carrier on the risk at all relevant times herein.
4. Plaintiff's average weekly wage was $614.32, yielding a compensation rate of $409.57 per week.
5. Billy Charles Vogler, the deceased employee, sustained an injury by accident while in the course and scope of his employment with defendant-employer on March 23, 2000, and said injury by accident caused plaintiff's death.
6. Decedent was survived by his wife, Mary Nicole Boone Vogler, his daughter Kristin Dakota Vogler, and stepdaughter Megan Nicole Boone. Decedent was not survived by any other person who was either wholly or partially dependent upon him at the time of his death.
7. The issues to be determined by the Commission are as follows:
 a) Whether decedent's death was caused by the willful failure of defendant-employer to comply with any statutory requirement;
 b) If so, whether additional compensation under N.C. Gen. Stat. § 97-12 can be assessed against NCIGA.
 ***********
The Pre-Trial Agreement along with its attachments and any stipulations that have been submitted by the parties are hereby incorporated by reference as though they were fully set out herein.
 *********** RULINGS ON PROCEDURAL MATTERS
After the filing of the Full Commission Opinion and Award in this matter, defendants filed a Motion to Amend the Stipulation, Record, Opinion and Award and the Caption in All Commission Documents. Counsel for defendants, Lewis and Roberts, also filed a motion to be allowed to withdraw as counsel of record. Throughout the pendency of this case, the parties erroneously stipulated that The Goff Group was the carrier on the risk at the time of the injury by accident. In fact, the carrier on the risk was Reliance Insurance Company (Reliance) with The Goff Group as the Third-Party Administrator. On October 3, 2001 Reliance was declared insolvent in an order of liquidation entered in Pennsylvania. Following the insolvency of Reliance, the North Carolina Insurance Guaranty Association (NCIGA) assumed its statutory obligations in connection with this claim pursuant to N.C. Gen. Stat. § 58-48-1 et. seq.
NCIGA filed a motion with the Commission for Joinder as a Party and to Reconsider and to Alter and Amend Judgment.
IT IS HEREBY ORDERED as follows:
1. Lewis and Roberts is hereby allowed to withdraw as counsel of record for defendants.
2. NCIGA is hereby added as a party defendant.
3. The caption on all Commission documents, stipulation number 3, and other pertinent portions of the record shall be amended to delete The Goff Group as the carrier and to substitute NCIGA as the statutory insurer-defendant.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. On March 23, 2000, decedent suffered a compensable injury by accident while in the course and scope of his employment with defendant-employer when a crane broke loose from its platform and fell, striking decedent and causing him to fall 20 feet to the ground. As a direct result of said injury by accident decedent was killed.
2. At the time of his death, decedent was survived by his wife, Mary Nicole Boone Vogler, to whom he was married on April 3, 1995; his minor daughter Kristin Dakota Vogler, born March 21, 1996; and his stepdaughter Megan Nicole Boone, born June 1, 1994. Mary Nicole Boone Vogler is the natural mother of Kristin Dakota Vogler and Megan Nicole Boone. Decedent was not survived by any other person that was either wholly or partially dependent upon him for their support.
3. OSHA performed an investigation of decedent's March 23, 2000 death by accident and cited defendant-employer for 20 violations of OSHA regulations, all characterized as "serious." The OSHA investigator was of the opinion and the Commission finds that the violations were the proximate cause of decedent's death.
4. The OSHA report indicated that defendant-employer's records showed a failure to inspect the crane turret bolts for two years prior to this incident even though OSHA regulations require a daily inspection of the same when in use. Decedent's death was caused by the crane falling on him as he was working on a section of a communications tower erected 18 feet above ground.
5. The OSHA inspector found that the failure to have the crane and other equipment inspected resulted in defendant-employer's failure to discover worn, cracked, and rusty bolts on the turret which caused the crane to fall on decedent. The inspector further stated: "According to the crane operator he heard a snap, then the crane boom started to fall, striking the employee [decedent] on the top leg of the tower section. The csho [Safety/Health Compliance Officer] observed that the bolts holding the upper and lower portions of the turret had sheared off. Upon closer examination many bolts showed signs of rust, indicative of cracks. Turret bolts could also be turned by hand, and the csho removed twenty two bolts using no tools. Maintenance records for the crane indicated that in the last two years the crane had not been inspected. Crane operators were not trained. Operators did not inspect the crane prior to, and during use. Severity is high due to death from crushing. Probability is also high due to the continuous use of the crane. NOTE: VIOLATION WAS PROXIMATE CAUSE OF ACCIDENT."
6. The inspector also found that defendant-employer did not prevent its employees from working under a moving crane and provided no training to employees who were exposed to fall hazards while assembling and installing sections of the telecommunications tower. In addition, defendant-employer did not provide a safety net below decedent nor was decedent wearing a safety harness, and these safety violations also contributed to decedent's death.
7. Defendant-employer did not have in place established written safety rules for its employees.
8. The OSHA inspection revealed that defendant-employer knew or should have been aware of the safety hazards that existed at the job site because the violations were in plain view. Defendant-employer failed to conduct inspections of the crane, rigging equipment, fall protection and general worksite conditions, which resulted in the fatality on March 23, 2000.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Deceased employee was killed as a result of an injury by accident arising out of and in the course and scope of his employment with defendant-employer on March 23, 2000. N.C. Gen. Stat. § 97-2(6).
2. Plaintiffs are entitled to the payment of the medical expenses incurred for the treatment of decedent's injuries sustained as a result of the injury by accident. N.C. Gen. Stat. § 97-25.
3. Mary Nicole Boone Vogler, Kristen Dakota Vogler and Megan Nicole Boone were wholly dependent upon decedent at the time of his death and are therefore entitled to the death benefits, share and share alike. N.C. Gen. Stat. §§ 97-38, -39. Decedent did not leave any other persons who were either wholly or partially dependent upon decedent for support. Therefore, Mary Nicole Boone Vogler, Kristen Dakota Vogler and Megan Nicole Boone are the only persons entitled to take the death benefits in this matter. Mary Nicole Boone Vogler is the mother and natural guardian of the two minor children, Kristen Dakota Vogler and Megan Nicole Boone.
4. Decedent's average weekly wage at the time of the injury by accident was $614.32, yielding a compensation rate of $409.57 per week.
5. Mary Nicole Boone Vogler is entitled to receive one-third of the death benefits at the rate of $136.52 per week for 400 weeks beginning March 24, 2000. The minor children, Kristen Dakota Vogler and Megan Nicole Boone, are each entitled to receive one-third of the death benefits in the amount of $136.52 per week for 400 weeks beginning March 24, 2000 or until each child reaches the age of 18, whichever occurs last. N.C. Gen. Stat. § 97-38. Defendants shall pay said benefits to Mary Nicole Boone Vogler, the mother and natural guardian of the minor children, for the use and maintenance of Kristen Dakota Vogler and Megan Nicole Boone.
6. Defendants shall pay funeral expenses not to exceed $2,000.00 to the appropriate party who provided or previously paid for such services. N.C. Gen. Stat. § 97-40.
7. N.C. Gen. Stat. § 97-12 provides in part that when an employee's death is caused by the willful failure of the employer to comply with any statutory requirement, compensation shall be increased ten percent. The injury and death in this case were caused by the willful failure of defendant-employer to comply with N.C. Gen. Stat. § 95-129(2) which requires employers to comply with occupational safety and health standards or regulations promulgated pursuant to the Occupational Safety and Health Act of North Carolina. The State OSHA incorporates the Federal Occupational Safety and Health Act. In this case, defendant-employer was cited for violations of portions of 29 C.F.R. § 1926.0251, 1926.0501, 1926.0502, 1926.0503, 1926.0550, and 1926.1051. These cited violations are evidence of defendant-employer's repeated and continuous failure to adequately inspect crane, rigging and derrick machinery and equipment, to adequately train crane operators and those employees exposed to fall hazards, and to supply a protective fall arrest system.
8. Defendant-employer knew or should have known of the dangerous conditions created by the numerous OSHA violations, because the conditions were so hazardous and the defects in proper maintenance, inspections, and safety equipment were in plain view. The greater weight of the evidence is sufficient to establish that the violations were "willful" within the meaning of N.C. Gen. Stat. § 97-12 in that the numerous cited violations clearly manifest a "deliberate purpose not to discharge" defendant-employer's safety obligations. Beck v. CarolinaPower Light Co., 57 N.C. App. 373, 383-84, 291 S.E.2d 897,903(1982), citing Brewer v. Harris, 279 N.C. 288, 297, 182 S.E.2d 345,350 (1971). Therefore, plaintiffs are entitled to a ten percent increase in the compensation awarded above due to defendant-employer's willful violations of OSHA safety standards. N.C. Gen. Stat. § 97-12.
9. NCIGA denies any obligation to pay the additional compensation awarded pursuant to N.C. Gen. Stat. § 97-12 based upon two arguments. First, NCIGA asserts that the additional compensation is not within the coverage of the insurance policy issued by Reliance because the policy specifically requires the employer to be responsible for any payment in excess of the benefits regularly provided by the Workers' Compensation Act, including those imposed due to the employer's failure to comply with a health or safety law or regulation. This first issue is a coverage question not properly before the Commission for determination at this time. The record before us contains no evidence concerning the contractual provisions of the insurance policy on which to base findings of fact and conclusions of law. Although portions of the policy were attached to the briefs of the parties, no evidence on the coverage issue is properly before the Commission because no evidence was presented at the Deputy Commissioner hearing. Therefore, the coverage question is reserved for further hearing and subsequent determination in the event the parties are unable to resolve this issue.
10. Secondly, NCIGA argues that the award of additional compensation under N.C. Gen. Stat. § 97-12 constitutes a "penalty" and that the Guaranty Act specifically excludes amounts awarded as punitive or exemplary damages. See, N.C. Gen. Stat. § 58-48-20(4). However, the clear language of N.C. Gen. Stat. § 97-12 provides that "compensation shall be increased ten percent (10%)" (emphasis added). The North Carolina Court of Appeals has stated that "`[I]f the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms.'" Morris Communications Corp. v. City ofAsheville, 145 N.C. App. 597, 605, 551 S.E.2d 508, 514 (2001), citingHyler v. GTE Prods. Co., 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993). Thus, based upon a clear reading of the statute, the ten percent additional compensation awarded pursuant to N.C. Gen. Stat. § 97-12
is compensation and does not constitute exemplary or punitive damages. Therefore, the additional compensation is part of a covered claim and must be paid by NCIGA.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees approved below, defendants shall pay to Mary Nicole Boone Vogler death benefits at the rate of $136.52 per week for four hundred weeks beginning March 24, 2000. Those amounts which have accrued shall be paid in a lump sum.
2. Subject to attorney's fees approved below, defendants shall pay to Mary Nicole Boone Vogler, the parent and natural guardian of Kristin Dakota Vogler and Megan Nicole Boone, minors, for the use, benefit and maintenance of Kristin Dakota Vogler and Megan Nicole Boone, death benefits at the rate of $136.52 per week for each minor child beginning March 24, 2000 and continuing for 400 weeks or until each child reaches age 18, whichever occurs last. All sums that have accrued shall be paid in one lump sum.
2. Defendants shall pay burial expenses not exceeding $2,000.00 to the person or persons entitled thereto.
3. Defendants shall pay for all medical expenses incurred as a result of the injuries sustained by decedent as a result of said injury by accident.
4. Defendants shall pay a ten percent increase in the compensation awarded plaintiffs in Award Paragraph 2, which shall be paid by increasing by ten percent the weekly payments due. This additional ten percent amount shall be included in the calculation of the attorney's fee approved below. N.C. Gen. Stat. § 97-90.
5. Plaintiffs' attorney requested Commission approval of the attorney's fees set forth in fee agreements with the parties, specifically, twenty-five percent of the compensation awarded to Mary Nicole Boone Vogler and fifteen percent of the compensation awarded to each minor child. In death cases the Commission does not routinely award attorney's fees based upon a percentage of compensation awarded, but rather usually bases the approved fees upon statements of legal services rendered in each particular case. However, under the particular circumstances presented in this case, in that there were questions about which parties were entitled to received death benefits involving the widow's separation from decedent at the time of his death, as well as the stepchild who was never adopted by decedent, the Commission finds and concludes that the fee agreements between plaintiffs' counsel and Ms. Vogler and the guardian ad litem for Megan Nicole Boone are reasonable. Defendants shall pay plaintiffs' counsel twenty-five percent of the accrued amount due Ms. Vogler and one-fourth of the ongoing death benefits. Defendants shall also pay plaintiffs' counsel fifteen percent of the accrued amount and fifteen percent of the ongoing death benefits payable to Ms. Vogler as the natural guardian for the minor child Megan Nicole Boone.
6. The minor child Kristin Dakota Vogler is the natural child of decedent and by statute is presumed wholly dependent upon him for support. Therefore, the right of Kristin Dakota Vogler to receive death benefits was established by law and could not be contested. An attorney's fee of fifteen percent of the compensation awarded Kristin Dakota Vogler is not reasonable in light of the minor child's undisputed right to take death benefits under the statute. Therefore, the Commission finds that an attorney's fee of $5,000.00 is reasonable and is thereby approved and awarded to counsel for plaintiffs on behalf of Kristin Dakota Vogler. The attorney's fee shall be deducted from the death benefits payable to Ms. Vogler as the natural guardian for the minor child Kristin Dakota Vogler and paid directly to plaintiffs' attorney.
7. In the event that the portion of this Opinion and Award which awards the ten percent increase in compensation is appealed by defendants to the North Carolina Court of Appeals, defendants are ordered pursuant to N.C. Gen. Stat. § 97-86.1 to comply with all portions of this Opinion and Award not affected by such appeal, including payment of all accrued and continuing death benefits.
8. Defendants shall pay the costs of this action.
This the ___ day of March 2003.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN